An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. HOME CORPORATION,
Appellant,
vs.
ARTHUR D. CHURCH, III; FARIVAR MEHRDAD; YOLANDA MEHRDAD; RICHARD W. MONIZ; DEBRA L. MONIZ; ANGELA SAIDA; SHERRY VYVYAN; VYVYAN FAMILY TRUST OF 1999; JUDITH C. WESSEL; AND TERRY L. WESSEL,
Respondents.

No. 64489

**FILED**

JUL 3 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order denying, in part, a motion to compel arbitration in a construction defect action. Eighth Judicial District Court, Clark County; Allan R. Earl, Judge.

Having considered the parties' arguments and the record,[1] we conclude that respondents failed to establish that the subject arbitration provision was substantively unconscionable.[2] *See Gonski v. Second Judicial Dist. Court*, 126 Nev. 551, 557, 245 P.3d 1164, 1169 (2010)

---

[1]We have not considered respondents' arguments that were made for the first time on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

[2]Because we conclude that the arbitration provision was not substantively unconscionable, we need not consider whether the provision was procedurally unconscionable. *See D.R. Horton, Inc. v. Green*, 120 Nev. 549, 553, 96 P.3d 1159, 1162 (2004) ("Generally, both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a clause as unconscionable." (quotation and alteration omitted)).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-23140

(recognizing that the party opposing an arbitration provision's enforceability bears the burden of establishing a defense to the provision's enforcement). In particular, respondents have not identified any part of the arbitration provision that could be construed as depriving them of their NRS Chapter 40 rights or remedies. *See Gonski*, 126 Nev. at 562, 245 P.3d at 1172 (concluding that an arbitration provision was substantively unconscionable because it deprived homebuyers of their Chapter 40 rights and remedies).

Insofar as the district court found the provision's individualized-arbitration requirement to be cost-prohibitive, the record contains no evidence to support that finding. *See D.R. Horton*, 120 Nev. at 553, 96 P.3d at 1162 (recognizing that a district court's factual findings are not accepted by this court if they are not supported by substantial evidence); *cf. Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000) ("The 'risk' that [a plaintiff] will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement."). Thus, to the extent that the district court based its substantive unconscionability determination on its finding that individualized arbitrations would be cost-prohibitive, that determination was in error. *D.R. Horton*, 120 Nev. at 553, 96 P.3d at 1162. Accordingly, in the absence of other evidence to support respondents' argument that the arbitration provision was substantively unconscionable, the district court improperly found the arbitration provision to be unenforceable. *Gonski*, 126 Nev. at 557, 245 P.3d at 1169; *D.R. Horton*, 120 Nev. at 553, 96 P.3d at 1162. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. William D. Kephart, District Judge
John Walter Boyer, Settlement Judge
Payne & Fears LLP
Fuller Law Group P.C.
Bourassa Law Group, LLC
Eighth District Court Clerk